**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TRAVIS LAMONT SUTTON,<br>            Appellant, | DOCKET NUMBER<br>DC-0752-16-0130-I-3 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>            Agency. | DATE: November 28, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Simon Banks, Alexandria, Virginia, for the appellant.

Timothy R. Zelek, Quantico, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision that affirmed his removal.  For the reasons set forth below, we DISMISS the appellant's petition for review as untimely filed with no good cause shown.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2　　On November 13, 2015, the agency issued a decision sustaining the appellant's removal for "Inappropriate Conduct" and "Making Statements that Caused Anxiety or Concern in the Workplace."[2] Initial Appeal File (IAF), Tab 12 at 25-27. The appellant challenged the action on appeal. IAF, Tab 1. In a May 24, 2018 initial decision based on the written record, *Sutton v. Department of the Navy*, MSPB Docket No. DC-0752-16-0130-I-3, Appeal File (I-3 AF), Tab 37, Initial Decision (I-3 ID), the administrative judge found that: (1) both charges were sustained, I-3 ID at 7-16; (2) the appellant failed to establish his claims of disability discrimination, *id.* at 16-27; retaliation for whistleblowing, *id.* at 28-34; and harmful procedural error, violation of law or due process, *id.* at 34-38; and (3) adverse action under these circumstances promotes the efficiency of the service and removal is a reasonable penalty for the sustained charges, *id.* at 38-43. Accordingly, the administrative judge affirmed the agency's action, *id.* at 1, 43, and notified the parties that the initial decision would become final on June 28, 2018, unless either party filed a petition for review by that date, *id.*

¶3　　On July 13, 2018, the appellant filed a petition for review. Petition for Review (PFR) File, Tab 1 at 6-20. He explained that he had attempted to "e-file or FAX" it, just minutes before the expiration for the filing deadline, but had experienced difficulty, and so sought to submit the petition for review by email to the Board at MSPB.gov. *Id.* at 4. The Clerk of the Board issued a letter to the appellant and his representative stating that the petition for review appeared to be untimely filed because it was not postmarked or received on or before June 28, 2018. PFR File, Tab 2 at 1. The Clerk of the Board afforded the appellant an

---

[2] The appeal was twice dismissed without prejudice. *Sutton v. Department of the Navy*, MSPB Docket No. DC-0752-16-0130-I-1, Initial Decision at 1, 3 (Aug. 3, 2017); *Sutton v. Department of the Navy*, MSPB Docket No. DC-0752-16-0130-I-2, Initial Decision at 1, 2 (Feb. 12, 2018).

opportunity to file a motion to accept the filing as timely and/or to waive the time limit for good cause, and stated that such a motion must be accompanied by a statement signed under penalty of perjury or an affidavit, postmarked, if mailed, or sent by facsimile on or before July 28, 2018. *Id.* at 2. The appellant filed a timeliness motion in response. PFR File, Tab 3. The agency did not file a response to the appellant's petition for review.

## ANALYSIS

¶4      The Board's regulations require that a petition for review be filed within 35 days after the date of issuance of the initial decision, or, if a party shows that he received the initial decision more than 5 days after it was issued, within 30 days after his receipt of the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e). The appellant's representative asserts that he received access to the May 24, 2018 initial decision "on or about May 29, 2018." PFR File, Tab 3 at 4. However, because the appellant and his representative were registered e-filers, I-3 AF, Tab 38, they are deemed to have received the initial decision on the date of electronic submission, May 24, 2018, 5 C.F.R. § 1201.14(m)(2), and, as stated in the initial decision, the petition for review was due 35 days later, on June 28, 2018. I-3 ID at 43. Accordingly, the petition for review, filed on July 13, 2018, was 15 days late.

¶5      The Board will waive the filing deadline for a petition for review upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. § 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is

proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limit or unavoidable casualty or misfortune that similarly shows a causal relationship to his ability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6        Under limited circumstances, the Board will excuse delays in filing caused by difficulties encountered with the Board's e-Appeal system. *E.g.*, *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶¶ 6-8 (2010) (excusing a filing delay when the appellant alleged that he attempted to electronically file his petition for review on time and the e-Appeal system showed that he had, in fact, accessed the system prior to the date his petition was due; it was possible to exit the system without receiving a clear warning that he had not yet filed his pleading; and once he became aware that his petition had not been filed, he contacted the Board and submitted a petition for review that included an explanation of his untimeliness); *Lamb v. Office of Personnel Management*, 110 M.S.P.R. 415, ¶ 9 (2009) (excusing the untimely filing of an appeal when the appellant reasonably believed he filed timely by completing all the questions on the on-line appeal form and exited the website without receiving a clear warning that his appeal was not filed). However, we do not find that the appellant's failure to file timely is excusable in this instance.

¶7        The appellant's representative here claims that he "experienced heightened difficulty" in his ability to e-file in the minutes before midnight on the final date for filing, June 28, 2018, such that, "based upon exigency of the circumstances" and "given the time restriction afforded," he felt he had no other alternative but to submit the petition for review to the Board via email. PFR File, Tab 1 at 4. In a different pleading, the appellant's representative states that, when he attempted to use e-Appeal minutes before the end of the filing period, "it was not situated where it could be assessed (sic)." PFR File, Tab 1 at 22. The Board's e-Appeal

logs do not show that the appellant's representative accessed e-Appeal on June 28, 2018.[3]  Notably, there were no e-Appeal site issues or system-wide outages recorded on June 28, 2018.  Moreover, by his own admission, the filing "difficulty" the appellant's representative encountered was due to the fact that his personal computer "contained an excessive amount of photos, videos, emails and other files," causing a delay in populating and requiring him to purchase additional space "to accommodate the ever increasing data."[4]  PFR File, Tab 3 at 5.

¶8      Based on the above, we find that the appellant has failed to establish good cause for his untimely petition for review.  When an appellant delays the filing of his petition for review until the eleventh hour, he bears the risk that unforeseen circumstances could prevent the timely filing of his petition for review.  *Baker v. Department of Justice*, 41 M.S.P.R. 25, 27 (1989).  The actions of the appellant's representative in waiting until minutes before the filing deadline to submit his pleading does not demonstrate the exercise of due diligence or ordinary prudence, *id.* (citing *Alonzo*, 4 M.S.P.R. at 184), neither does his use of email, as he had been made aware that the Board does not accept pleadings by email.  5 C.F.R. § 1201.14(d).  Notwithstanding, he waited more than 2 weeks after again being so notified to file his petition for review.  Moreover, the appellant was not pro se, and, whatever the issues his representative experienced with his personal computer, he has failed to show any circumstances beyond his control such as

---

[3] The Board's e-Appeal logs show that the appellant successfully logged on the New Appeal section on June 28, 2018, and accessed his account information, but there is no indication that he attempted to file a pleading, as is required to submit a petition for review.

[4] In an effort to show that the Board received the petition for review he claims he filed by email on June 28, 2018, the appellant has submitted a portion of an email he received from the Board on June 29, 2018.  PFR File, Tab 1 at 26, Tab 3 at 10.  Our review of the email communication from the Office of the Clerk of the Board reflects that the Board advised the appellant that he previously had been notified that the Board does not accept submissions by email, and that therefore his submission would not be placed in the record in this appeal.  *See* 5 C.F.R. § 1201.14(d).

unavoidable casualty or misfortune that affected his ability to comply with the time limits. *See Palermo*, 120 M.S.P.R. 694, ¶¶ 5-8, 10 (finding a petition for review untimely when the appellant and his representative were registered e-filers, should have realized from system notices that the petition had not been submitted, and failed to file the petition until 7 days after it was due); *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (finding that the appellant is responsible for the errors of his chosen representative).

¶9    Accordingly, we dismiss the petition for review as untimely filed with no good cause shown.[5]  This is the final decision of the Merit Systems Protection Board on the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the removal appeal.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] The appellant's motion to join this matter with an appeal he filed "in 2016," PFR File, Tab 4, is DENIED.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                              Jennifer Everling
                              Acting Clerk of the Board
Washington, D.C.